UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv258-RJC

| | |
|---|---|
| TONEY R. KING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's second Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus and Affidavit in Support of Request to Proceed In Forma Pauperis. (Doc. No. 1).

As acknowledged by Petitioner, on May 26, 1999, he filed his first § 2254 Petition challenging his 1994 North Carolina convictions and sentences for various robbery-related offenses.[1] (Case No. 3:99cv221-MU, Doc. No. 1). However, on July 29, 1999, the Court entered an Order summarily dismissing that Petition for its failure to raise a constitutional claim for relief. (Id., Doc. No. 5).

The Court's records further reflect that Petitioner did not appeal that decision to the Fourth Circuit Court of Appeals. Nor does Petitioner report that he has sought permission to file the instant Petition from the Circuit Court. Instead, this Petition shows only that after the Court dismissed his first § 2254 Petition, Petitioner returned to the North Carolina Courts and filed various motions for

---

[1] That first Petition alleged that Petitioner was prejudiced by the imposition of five consecutive sentences; that the trial court sentenced him above the presumptive range without an adequate basis for doing so; and that Petitioner was prejudiced by the State Court of Appeals' denial of his appeal. (Case No. 3:99cv221-MU, Doc. No. 1 at 4-5).

collateral review; and that those motions were rejected. (Doc. No. 1 at 5-10). By this second Petition, Petitioner sets forth four new claims, asserting that his Fifth Amendment rights were violated when he was interrogated on the day that he attempted to commit suicide; that his Eighth and Fourteenth Amendment rights were violated when he was placed on suicide watch for months without seeing a psychiatrist, thereby preventing him from focusing on his defense; that his Sixth and Fourteenth Amendment rights were violated when he was denied his request to represent himself and he was tried in absentia; and that his Fourteenth Amendment rights were violated when his motion for severance was denied, the trial court failed to instruct the jury on a lesser included offense, and his attorney failed to consult with him during his absence from the courtroom. (Id.).

Title 28 U.S.C. § 2244 provides that before a second or successive habeas corpus petition can be filed in a district court, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider that petition. 28 U.S.C. § 2244(3)(A). Inasmuch as Petitioner does not show or even assert that he has obtained such pre-filing authorization from the Fourth Circuit Court of Appeals, this Petition must be summarily dismissed without prejudice. See United States v. Brannon, 42 F. App'x 627 (4 th Cir. Aug. 5, 2002) (unpublished) (noting that in the absence of an order from the circuit court authorizing a petitioner's second or successive § 2255 motion, a district court lacks jurisdiction to entertain the claims set forth therein).

Finally, by his request to proceed in forma pauperis, Petitioner seeks to proceed with this action without having to pay the applicable $5.00 filing fee. However, Petitioner has failed to submit a certified copy of his inmate trust account statement to support this request. Furthermore, Petitioner's IFP Affidavit reports that he has $9.82 in his inmate trust account. (Doc. No. 1 at 16). Consequently, Petitioner's IFP request will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's request to proceed in forma pauperis is **DENIED**;

2. Within thirty (30) days of the entry of this Order, Petitioner shall remit the $5.00 filing fee to the Court; and

3. Petitioner's Petition is dismissed, without prejudice, for his failure to obtain pre-filing authorization for it pursuant to 28 U.S.C. § 2244(3)(A).

Signed: June 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge